UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SESOLINC GRP., INC.,

Plaintiff,

v.  6:11-cv-96

METAL-CON, INC., LARISCY MECHANICAL FABRICATORS, INC., and DERON E. LARISCY,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court is the parties' "Consent Permanent Injunction Order." *See* Doc. 45.

### II. BACKGROUND

Sesolinc Grp, Inc. ("Sesolinc") brought this lawsuit against Defendants, seeking cessation of trade secret infringements and other remedies for breach of contract and related claims. *See* Doc. 1. Defendants counterclaimed, alleging their own set of claims ultimately stemming from an alleged breach of contract. *See* Doc. 20.

In lieu of continuing conflict, the parties have consented to the entry of a permanent injunction order. *See* Doc. 45. The order identifies Sesolinc as the proprietor of certain identified material and prohibits Defendants from using this material in any fashion. *See id.* at 1-4.

Pertinent for the purpose of this order, the injunction order would also forbid Defendants from [m]aking disparaging statements about the character or conduct of business of Harry Ford, the business or business practices of SESOLINC, or the products or services offered by SESOLINC[; i]nitiating verbal or written contact with any person or entity for the purpose of discussing the character or conduct of business of Harry Ford, the business or business practices of SESOLINC, or the products or services offered by SESOLINC[; m]aking disparaging statements about any officers, directors, or employees of SESOLINC[; or a]ssisting, facilitating or encouraging any other person or entity to engage in any of the [above].

*Id.* at 4. The order would also prohibit Sesolinc, its owners, officers, and directors from engaging in the same conduct with regards to Defendants and the officers, directors, or employees of Metal-Con, Inc. *See id.* at 5.

### III. ANALYSIS

"The entry of a consent decree is more than a matter of agreement among litigants. It is a 'judicial act.'" *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 845 (5th Cir. 1993) (quoting *United States v. Swift & Co.*, 286 U.S. 106, 115 (1932)). "District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1240 (11th Cir. 1997).

The injunction the parties now seek is essentially a consent decree that could bring about severe penalties on either party for violation of the order. *See United States v. City of Miami, Fla.*, 664 F.2d 435, 439-40 (11th Cir. 1981) (explaining that a consent decree, as a judgment, "may be enforced by judicial sanctions, including citation for contempt if it is violated"); *DIRECTV, Inc. v. Brown*, 371 F.3d 814, 819 (11th Cir. 2004) (discussing potential penalties for violations of permanent injunctions).

The order as drafted implicates important First Amendment concerns. "[F]alse commercial speech is not protected by the First Amendment and may be banned entirely." *Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1323 (11th Cir. 2010) (quoting *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 949 (3d. Cir. 1993)). True commercial speech encouraging lawful activity does, however, have constitutional protection, as does other speech that the parties' consent injunction would forbid. *See Tinsley Media, LLC v. Pickens Cnty., GA*, 203 F. App'x 268, 272-73 (11th Cir. 2006). For example, the consent injunction would forbid a party from making legitimate criticisms, unrelated to this case, concerning the other party's products or services. *See* Doc. 45 at 4-5. In fact, the consent injunction would forbid the parties from talking about each other at all. *See id.*

Furthermore, content-based restrictions on speech, such as some of the restrictions in this consent injunction, must meet strict scrutiny. *See Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983).

"According to . . . First Amendment overbreadth doctrine, a statute is facially invalid if it prohibits a substantial amount of protected speech." *United States v. Williams*, 553 U.S. 285, 292 (2008). "[A] statute's overbreadth [must] be *substantial*, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *Id.* Consent decrees can fail for being constitutionally overbroad. *Cf. Minor I Doe ex rel. Parent I Doe v. Sch. Bd. for Santa Rosa Cnty., Fla.*, 264 F.R.D. 670, 687 n.31 (N.D. Fla. 2010) (applying vagueness and overbreadth doctrines to consent decree).

The consent injunction in this case would prohibit a substantial amount of speech that is constitutionally protected. Accordingly, the Court finds that the consent injunction is unconstitutionally overbroad.

The Court can, however, enforce a settlement stipulation that restricts a party's First Amendment rights to "a limited degree." *See United Egg Producers v. Standard Brands, Inc.*, 44 F.3d 940, 943 (11th Cir. 1995); *see also City of Miami, Fla.*, 664 F.2d at 439-40 (discussing differences between settlement agreements and consent decrees). This is because court enforcement of such an agreement, which is more akin to a contract instead of a judgment, is not governmental action for First Amendment purposes. *See United Egg Producers*, 44 F.3d at 943. "[T]he only penalty for failure to abide by the [settlement] agreement is another suit." *City of Miami*, 664 F.3d at 439.

Accordingly, should the parties wish to memorialize their intent to be civil towards each other, a settlement agreement imposing only limited restraints on the parties' First Amendment rights is the optimal means of accomplishing such a goal.

## IV. CONCLUSION

The Court ***DENIES*** the parties' request that the Court adopt the consent permanent injunction order. *See* Doc. 45. The parties may resubmit the order for Court approval without the offending provisions. The parties may also wish to incorporate those provisions into a settlement agreement.

This 11th day of June 2012.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA